Submitted on briefs March 2, affirmed March 9, 1955

# STATE OF OREGON *v.* McCOWAN
280 P. 2d 976

*John P. Hannon,* Portland, filed a brief for appellant.

*John B. McCourt,* District Attorney for Multnomah County, and *James J. Kennedy,* Deputy District Attorney, filed a brief for respondent.

TOOZE, J.

The defendant, L. B. McCowan, was convicted in the circuit court for Multnomah county, Oregon, of the crime of "Receiving the earnings of a common prostitute" and was sentenced to imprisonment in the Oregon State Penitentiary for a maximum term of two years. He appeals.

The indictment against defendant is based upon the alleged violation of § 23-922, OCLA (ORS 167.120), and, omitting formal parts, reads as follows:

"L. B. McCowan is accused by the Grand Jury of the County of Multnomah and State of Oregon, by this indictment of the crime of *receiving the earnings of a common prostitute* committed as follows:

"The said L. B. McCowan on the 7th day of February, A.D. 1953, in the County of Multnomah and State of Oregon, then and there being, and one Lila Victor being then and there a common prostitute, he, the said L. B. McCowan, did then and there unlawfully and feloniously take and receive from said common prostitute, to-wit: the said Lila Victor, the earnings of the said Lila Victor as such common prostitute, by then and there taking and receiving from the said Lila Victor certain money, a more particular description of which said money is to this grand jury unknown, all of which said money, as the said L. B. McCowan then and there well knew, had been earned by the said Lila Victor in the practice of common prostitution, * * *."

Section 23-922 OCLA (ORS 167.120) provides:

"Any *man who* lives in or about a house of ill-fame, or habitually associates with or lives off of

a common prostitute, or *receives from a common prostitute any part or all of her earnings,* or solicits or attempts to solicit any male person to have sexual intercourse with a prostitute, shall be punished upon conviction by imprisonment in the penitentiary for not more than 15 years. In all prosecutions under this section common fame is competent evidence in support of the indictment.'' (Italics ours.)

On this appeal, defendant sets forth six alleged assignments of error, as follows:

1. That the trial court erred in permitting the witness, Lila Victor, to testify on direct examination as to her age (17 years of age).

2. That the trial court erred in refusing to allow defendant's motion for a directed verdict.

3. That the trial court erred in permitting the state to cross-examine defendant as to the number and nature of his previous convictions of crime.

4. That the trial court erred in failing to give defendant's requested instruction to find the defendant not guilty.

5. That the trial court erred in failing to give another of defendant's requested instructions hereafter set forth at length.

6. That the trial court erred in refusing to give defendant's requested instruction that the jury should disregard the testimony as to the age of Lila Victor.

■ As to his first and sixth assignments of error, defendant contends that it was prejudicial error to permit the complaining witness to testify as to her age, because the evidence might tend to establish a separate and independent crime, viz., contributing to the delinquency of a minor. The assignments of error are without merit. The age of a witness is one of the many things to be considered by a jury in weighing his testimony. 58 Am Jur 498, Witnesses, § 869.

Upon conclusion of the testimony in chief on behalf of the state, and when the state rested, the defendant, without having first rested his case, moved the court as follows:

"MR. HANNON: Well, on behalf of the defendant, at this time, I move the Court for a dismissal of the case on the ground and for the reason that the State has failed to prove the material allegations in the indictment. And, on the further and additional respects that they have failed to offer any substantial or supporting or corroborative evidence on the behalf of Lila Victor, to the charge made in the indictment.

"There is no corroboration whatever to support her. Not a single piece of evidence. And, assume all that she said to be true, for the sake of this motion, there is nothing offered here to support her evidence and she certainly is a party, if there was a crime, she was a party to the crime. She committed the crime, she earned the money illegally and it was her activity that made this a possibility. And, she was certainly involved in it and when you are an accomplice to a crime you have to have some other evidence other than your own word to support your allegations."

■ The denial of this motion is the basis of defendant's second assignment of error. In the assignment of error, the motion is designated as "a motion for a directed verdict", and we shall so consider it. The motion was premature. It could not properly be made before defendant himself had rested his case. *State v. Jeannet,* 183 Or 354, 360, 192 P2d 983; *State v. Reynolds,* 164 Or 446, 479, 100 P2d 593; *State v. Adler,* 71 Or 70, 142 P 344.

However, upon denial of the motion, defendant presented evidence on his own behalf and, upon conclusion of the trial, requested the court to instruct the jury to

return a verdict of not guilty, which requested instruction the court refused. The basis of this requested instruction was the same as urged upon the abortive motion for a directed verdict, and so the question presented upon the motion has been saved.

Considering assignments of error numbered 2 and 4 together, we are presented with the question whether there is substantial and competent evidence in the record to sustain the conviction. We have carefully read the entire record. Passing for the moment defendant's contention respecting the necessity of corroboration of the testimony of the complaining witness, there is an abundance of substantial and competent evidence in the record to sustain every material allegation of the indictment.

Defendant's principal contention in this court, as it was in the trial court, is that Lila Victor, the common prostitute involved, was an accomplice in the crime committed and, therefore, in order to sustain a conviction, the record must contain substantial evidence, independent of her own testimony, to corroborate her.

■ Defendant cites no authority in support of his contention. The statute under which the indictment against defendant was brought does not of itself require corroboration. Corroboration is unnecessary to sustain a conviction unless required by statute. 73 CJS 251, Prostitution, § 11(3).

ORS 136.550 provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission."

ORS 167.140 provides:

"Upon a trial for inveigling, enticing or taking away an unmarried female for the purposes of prostitution, the defendant cannot be convicted upon the testimony of the female injured unless she is corroborated by other evidence tending to connect the defendant with the commission of the crime."

■■ This latter statute does not apply to the crime charged in the indictment in this case. It applies only to the crimes defined in ORS 167.125, ORS 167.130, and ORS 167.135, viz., (1) procuring female to engage in prostitution; (2) transporting female for prostitution purposes; and (3) procuring or transporting female under 18 for prostitution purposes.

If corroboration is necessary in the instant case, it is so by virtue of the provisions of ORS 136.550, and not otherwise.

■ The question then necessarily arises: who is an accomplice within the meaning of the statute? Courts of last resort have differed as to their definition of the word "accomplice". Some courts have held that an accomplice is one who has participated in the commission of the offense, or who, while not being present, nevertheless, in some manner, aided, advised or encouraged the defendant to commit the crime. Other courts have held that an accomplice is one who can be indicted and punished under the same statute which has been invoked against the defendant. The rule in this state is firmly established. In *State v. Coffey*, 157 Or 457, 475, 72 P2d 35, Mr. Justice Rossman, after an exhaustive review of all the authorities, concluded:

"For the reasons just stated, we believe that within the contemplation of § 13-935, Oregon Code 1930 (ORS 136.550), a person is not an accomplice unless he can be indicted and punished under the

same statute which is being employed against the defendant.''

■ Under the particular statute, for a violation of which defendant was convicted, could Lila Victor be indicted and punished? The answer is that she could not. In the recent case of *State v. Goesser*, 203 Or 315, 280 P2d 354, in speaking of this statute, we said:

"By its plain terms, this criminal statute is directed solely to the reprehensible conduct of a male panderer. * * * It is obvious that a female person who may, as the real principal, receive from a common prostitute any part or all of her earnings, or who commits any other of the acts condemned by the statute, is not amenable to the prohibitions of this particular law."

The statute condemns, and is limited to, certain acts on the part of a man. By the very words of the statute, women are necessarily excluded from its prohibitions. The statute is not directed to the unlawful acts of "any person", as is the case in most criminal statutes, but is confined exclusively to the acts of one type of person, viz., a man. The intent of the statute is plain. Male panderers were to be dealt with severely.

Moreover it could hardly be contended that the complaining witness could be tried for receiving the earnings of a prostitute from herself. *State v. Green*, 60 Ariz 63, 131 P2d 411; *People v. Simpson*, 79 Cal App 555, 250 P 403.

■ It follows, therefore, that defendant could be convicted for a violation of this particular statute upon the uncorroborated testimony of the complaining witness. There was no error in denying the motion for a directed verdict nor in the refusal by the trial court to instruct the jury to return a verdict of not guilty.

■ The cross-examination of the defendant as to number of times he had been convicted of crime, and the nature of the crimes committed, which, under assignment of error numbered 3, defendant claims constituted prejudicial error, was proper cross-examination, and no error was committed by the trial court in overruling defendant's objections thereto. *State v. Wilson,* 182 Or 681, 697, 189 P2d 403; 70 CJ 854, Witnesses, § 1053.

The rule is stated in 70 CJ 854, Witnesses, § 1053, as follows:

"It is generally held that inquiry is not confined to the mere fact of conviction of some crime, but the name and nature of the crime of which the witness was convicted may be brought out, although there is authority to the contrary."

Defendant assigns as error the refusal of the trial court to give to the jury the following requested instruction:

"You are instructed that the charge, and the only charge for you to consider in this case, is whether the defendant is guilty of receiving the earnings of a common prostitute, as charged in the indictment. There is no other matter to be considered by you as to his guilt or innocence, except whether he did receive her earnings. You must be further satisfied as to the guilt of the defendant that on or about the 7th day of February, 1953, Lila Victor was a common prostitute and that he, the defendant, did then and there receive from the said common prostitute, Lila Victor, her earnings as such, and further that the defendant knew that the money had been earned by Lila Victor in the practice of common prostitution, and this all transpired in the City of Portland, County of Multnomah, State of Oregon. You must be convinced beyond a reasonable doubt as to each and every allegation alleged in the indictment as to the guilt of the defendant, and in the event you are

not so satisfied even as to one allegation, then your verdict must be not guilty.''

■ The court did not err in refusing to give this instruction exactly in the words as requested. In its instructions to the jury, the subject-matter of the requested instruction was fully covered. Among other instructions, the court instructed the jury as follows:

"In order to convict the defendant it is necessary for the State to prove beyond a reasonable doubt all of the material allegations constituting the crime as set forth in the indictment and these material allegations are: That Lila Victor was a common prostitute; that the defendant, L. B. McCowan, received from said Lila Victor some of her earnings as a common prostitute; that he, the said defendant, knew or had cause to believe that her earnings came from her engaging in prostitution; that this receiving money from the said Lila Victor occurred in Multnomah County, Oregon; that this occurred within three years immediately preceding the date of the beginning and filing of this indictment, which in this case is May 28, 1953.''

The assignment of error is without merit.

The able and experienced trial judge fully and fairly instructed the jury upon all phases of the law involved in the case. Defendant had a fair and impartial trial in which no prejudicial error occurred.

Judgment affirmed.