Argued October 5, 1962, affirmed January 30, 1963

## STATE OF OREGON *v.* CARLTON
### 378 P. 2d 557

*Charles O. Porter,* Eugene, argued the cause for appellant. On the briefs were Porter, Poole & Bach.

*William F. Frye,* District Attorney, Eugene, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Sloan, O'Connell, Lusk and Denecke, Justices.

### DENECKE, J.

The defendant was convicted of concealing stolen property. His sole basis for appeal is that he not only concealed the property, he initially stole the same property. Therefore, he contends, being the original thief, he cannot be found guilty of concealing the same property.

The defendant and one other were indicted for re-

ceiving and concealing eight parking meters. The
defendant Carlton was tried by the court sitting with-
out a jury. The trial court found Carlton guilty of
concealing stolen property.

The state's evidence was that Carlton and three
others unscrewed or unbolted eight parking meters
from various locations in Eugene. They put the meters
in a car, drove over the Willamette river to a deserted
area and concealed the meters under some trees and
stumps. The defense called only one witness. This
witness was an accomplice of Carlton and testified
Carlton stole as well as concealed the meters.

The keystone of the defense's contention is the
proposition that a thief cannot be convicted of *receiv-
ing* stolen property when the property *received* is the
selfsame property which he stole. The state concedes
this proposition. It is without contradiction. 2 Whar-
ton, Criminal Law and Procedure (Anderson), § 576.
This proposition is based upon the logical reason that
one cannot receive something from one's self. Here,
however, the court convicted Carlton of *concealing*
stolen property. The court stated it was not necessary
to decide whether or not the defendant was also guilty
of *receiving* stolen property.

Once this distinction is comprehended, that de-
fendant was convicted of concealing, not receiving,
stolen property, it is apparent that the logical barrier,
one cannot receive from one's self, has no materiality.
This then becomes a commonplace situation. The de-
fendant engaged in a criminal transaction, or course of
conduct. He stole meters; he carried them off; and
he concealed them. The state selected one part of
this transaction which constituted the crime of con-
cealing stolen property and the defendant was con-
victed of such crime. The defendant is contending that

he cannot be convicted of concealing the stolen property because the state could have convicted him of a different crime involving the first part of the transaction, i.e., stealing or larceny. The fact that one transaction embodies facts constituting two crimes and the state chooses to prosecute for one rather than the other cannot avail defendant, unless the existence of one crime precludes the other. Proving larceny precludes establishment of receiving, but not concealing.

There are a considerable number of decisions in this general field. They involve, however, the question of whether or not a defendant can be convicted of two different crimes committed in the same transaction; not can a defendant be convicted of any one particular crime of several committed in the transaction. In these cases of conviction of two crimes, the question of double jeopardy arises and the doctrine of "carving" is examined. For example, in *State v. Nodine,* 121 Or 567, 256 P 387, the statute provided: " 'It shall be unlawful for any person to receive, import, possess, transport * * * sell * * * any intoxicating liquor * * *.' " A conviction for possessing intoxicating liquor was affirmed, although the evidence was that defendant had previously been convicted of selling the same liquor. The decision was that a conviction for selling liquor did not bar a conviction for possessing the same liquor.

In *State v. Pomeroy,* 30 Or 16, 26, 46 P 797, the defendant was convicted of concealing stolen property. The defendant requested the court to instruct the jury that if the defendant was assisting the thief to escape, defendant was guilty of being an accessory to the crime of larceny and the defendant could not be convicted of concealing stolen property. Justice WOLVER-

TON in affirming the conviction and holding the requested instruction erroneous, stated:

"* * * He [defendant] may have been guilty at the same time of aiding in the escape of John Pomeroy and John Holcomb, thus rendering himself amenable as an accessory to the crime of larceny, but if he has done those things which are essential to the crime charged, there seems to be no good reason why one should bar a prosecution for the other. The doctrine of carving can have no application here, as that can only be made available under a plea of former conviction or acquittal * * *."

Defendant relied primarily upon the decisions of *Milanovich v. United States,* 365 US 551, 81 S Ct 728, 5 L ed2d 773, and *People v. Daghita,* 301 NY 223, 93 NE2d 649. Both of those cases held that the defendant could not be convicted of both larceny and concealing the same property which defendant had stolen. However, these cases did hold that the defendant could be convicted of either crime. The majority in *State v. Carden,* 50 Wash2d 15, 308 P2d 675, held that a thief could be convicted of concealing the property he stole. As in the present case, there was no indictment in the *Carden* case for larceny; the defendant was only charged with one crime, concealing stolen property.

The judgment is affirmed.