Argued April 7, affirmed April 30, 1965

# STATE OF OREGON *v.* NICE
### 401 P. 2d 296

*Bruce L. Rothman,* Portland, argued the cause and filed a brief for appellant.

*Vincent G. Ierulli,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN and HOLMAN, Justices.

GOODWIN, J.

The defendant appeals a conviction of sodomy involving a twelve-year-old boy.

The appeal urges this court to consider, under Rule 46, alleged errors which were not called to the attention of the trial court during the trial.

The principal assignment of error challenges the trial court's instruction, requested by the state and not objected to by the defendant, to the effect that the child was not an accomplice. The instruction necessarily denied the defendant the benefit of the statutory rule that the testimony of an accomplice, unless corroborated, is not sufficient to convict. ORS 136.550. *State v. Stanley,* decided April 21, 1965.

██ A twelve-year-old participant in a violation of ORS 167.040 may or may not be an accomplice. An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender unites in the commission of a crime. *State v. Stanley,* supra.

█ In *State v. Ewing,* 174 Or 487, 149 P2d 765 (1944), we took notice of the common-law rebuttable presumption that children between the ages of seven and fourteen years of age are without criminal capacity. We held that it was a jury question in a given case whether the child knew and appreciated the nature of the act and made an intelligent choice in participating in it. If so, the jury could find that the child was an accomplice. If the jury so found, it would apply to the child's testimony the cautionary rule concerning the testimony of an accomplice. We hold that the rule stated in *State v. Ewing,* supra, is still valid, despite the subsequent enactment of ORS 419.478 and 419.533, which vest in the juvenile court exclusive jurisdiction over children less than sixteen years of age who may commit offenses denounced as crimes.

While it is now possible to argue in certain cases that a given child does not exactly fit the traditional role of an accomplice because the child may not be subject to prosecution as an adult offender, the child is still under the control of law-enforcement officers and other persons in authority. This control over the witness by the state is the reason why the law subjects his testimony to special scrutiny. The testimony of an accomplice is insufficient without other proof to convict a person of crime because the testimony of an accomplice may be given under a hope of leniency. 7 Wigmore, Evidence 322, § 2057 (3d ed 1940). This

reason applies with equal force to the testimony of a child who is under the control of the state.

■■ The court, if requested by the defendant to do so, should have submitted, with proper cautionary instructions, the question of the child's role in the offense. There was, however, no such request. Neither was any objection made to the instructions given. The defendant was represented by counsel. It is apparent from the record that no one in the courtroom seriously thought that the child might have been an accomplice. The error urged here is obviously an afterthought. There is no reason in this case to depart from the long-standing rule that before error can be predicated upon a ruling of the trial court, the alleged error must have been called to the court's attention. *State v. Gardner,* 231 Or 193, 372 P2d 783 (1962); *State v. Avent,* 209 Or 181, 302 P2d 549 (1956).

■ Other assignments of error challenge the refusal of the trial court to grant the defendant's request for leave to examine the juvenile court files for possible inconsistencies in the testimony of the complaining witness. The trial court properly examined the file, and found nothing therein bearing upon the testimony of the complaining witness. There is no basis for holding that the trial court abused its discretion thereafter in refusing the defendant's request to explore the files. Upon a proper showing before a reviewing court, it may be that the refusal by the trial court to permit a defendant to inspect statements given to juvenile court officers would be deemed a prejudicial restriction upon the right to cross-examine an accuser, but no facts warranting such a ruling appear in the case at bar. The defendant is urging error upon an empty formality.

Affirmed.