Argued October 6, affirmed November 29, 1967

# STATE OF OREGON, *Respondent, v.*
# JIMMY ROGERS, *Appellant.*

434 P. 2d 338

*Fred Allen,* Newport, argued the cause and filed a brief for appellant.

*A. R. McMullen,* District Attorney, Newport, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

Defendant appeals from a judgment of conviction for the crime of receiving and concealing stolen property on the ground that there was not sufficient evidence to support the verdict.

On January 6, 1967, at 6:00 p.m., Mrs. Allen Reed parked her car on 6th street in Lincoln City a short distance from the intersection of 6th street and Highway 101. When she returned to her car at 10:00 p.m. the same evening, she discovered that a tire had been taken from the trunk of her car. At that time Mr. Reed noticed that a black car was parked behind his wife's car and that it had a flat tire on the left front wheel. Mr. Reed immediately notified the police that a tire and wheel was stolen. Soon thereafter the police went to 6th street and saw a 1958 black Chevrolet with a flat left front tire parked at the location described by Mr. Reed.

At about 12:30 a.m. the same evening, defendant was walking along Highway 101 about eight blocks from the 1958 black Chevrolet. He waved to a passing police car which stopped, whereupon he informed the officers that he had run out of gas and asked for a ride to a filling station to get gas. One of the officers then said, "Well, you had a flat tire earlier," to which defendant responded that he had fixed it.

At about 3:00 a.m. the same night the police officers met and; "putting a few things together," decided to take another look at the 1958 Chevrolet. They returned to 6th street and found the Chevrolet had been moved about 150 feet east of its earlier location. All four tires were up. The left front tire and wheel were identified as the tire and wheel taken from Mrs. Reed's car. There was evidence of an unsuccessful

attempt to start the car. One of the police officers testified that tire marks had been left on the street and that "It looked like where a car had been trying to start and there would be a little spot of black, then it would skip and another little spot of black."

The Chevrolet was registered in the name of Allen Barnett. One of the police officers testified that defendant's brother "is supposed to own" the car. Defendant had been seen driving the same car at about noon on January 6th. After the car had been impounded by the police, defendant's mother and three of his brothers came to the police station and according to the testimony of one of the police officers, "they said they was to get to their car to get out of the trunk a box of tools," and that "someone of the family had the key" to the trunk. The trunk was opened and two flat tires were found, one of which was on a wheel which matched three of the wheels then on the car.

■ The question is whether the foregoing evidence is sufficient to make out a case of receiving and concealing stolen property. Although one cannot be convicted of receiving property which he himself stole, he may be convicted of concealing it.[1]

■ We are of the opinion that the evidence was sufficient to support the verdict. The jury could reasonably infer that since defendant had been driving the 1958 Chevrolet earlier on the same day, he was in possession of it when it had a flat tire; that the flat tire he said he had fixed was on the 1958 Chevrolet, and that he had "fixed" the flat tire by taking the wheel and tire from Mrs. Reed's car and using it. From the presence of intermittent tire marks on the

[1] State v. Doster, 84 Or Adv Sh 823, 427 P2d 413 (1967); State v. Carlton, 233 Or 296, 378 P2d 557 (1963).

street the jury could infer that the car had run out of gas and that it was this car which defendant referred to when he told the police that he had run out of gas.

The judgment of conviction is affirmed.

McALLISTER, J., dissenting.

In my opinion the evidence connecting the defendant with the crime is not sufficient to support the verdict of the jury, and I would reverse.