Argued January 22, reversed February 19, 1970

STATE OF OREGON, *Respondent, v.*
JOSEPH THOMAS D. SMITH, *Appellant.*

465 P. 2d 247

*Robert M. Stults*, Roseburg, argued the cause for appellant. On the briefs were Stults, Jayne, Murphy & Anderson, Roseburg.

*Doyle L. Schiffman*, District Attorney, Roseburg, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant was individually indicted, tried by the court, and convicted of receiving and concealing coins. He appeals from that conviction.

The only evidence of the crime came from two juveniles, 14 and 17 years of age. They had burglarized a home and had taken some old coins, but left other coins behind. The defendant and a companion saw the juveniles with the coins and upon learning where they had been obtained, the four allegedly formulated a plan to steal the rest of the coins. Pursuant to the plan, the juveniles again burglarized the home, brought the coins to the defendant and his companion, and they were divided among the four.

The trial judge in a memorandum opinion held that the testimony of the juveniles was not accomplice testimony, because the juveniles, subject to the exclusive jurisdiction of the juvenile court, ORS ch 419, could not be charged with the adult crime of receiving and concealing stolen property. By this reasoning the trial

court concluded that ORS 136.550 was inapplicable. ORS 136.550 provides that, "conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime."

■ The reason for the common-law rule which has found expression in ORS 136.550 is that an accomplice is an unreliable witness because a "confessed criminal might be attempting to gain the conviction of an innocent man through perjured testimony in exchange for his own immunity." *State v. Coffey*, 157 Or 457, 463, 72 P2d 35 (1937).

■ A juvenile may be confined against his will, if he has committed an act which is a violation of a state law, just as an adult may be, although the court that hears the case, the rules of procedure and the place of confinement are different. ORS ch 419. This being so, the reason for the rule of ORS 136.550 is applicable to persons charged with adult crime or juvenile crime. This, substantially, was the reasoning of the dictum in *State v. Nice*, 240 Or 343, 401 P2d 296 (1965), to the effect that testimony of a juvenile must be viewed as the testimony of an accomplice in circumstances such as those in the case at bar. We are obliged to apply that rule here. *State v. Nice*, supra, was not called to the trial court's attention.

The state argues that the juveniles, having stolen the coins, could not be guilty of receiving them under the receiving and concealing statute, ORS 165.045; hence, they were not accomplices of defendant. The state's reasoning is that classification as an accomplice depends on whether the alleged accomplice can be indicted, tried, and punished under the same statute which has been invoked against the defendant. *State*

*v. Coffey,* supra, and *State of Oregon v. McCowan,* 203 Or 551, 557, 280 P2d 976 (1955). This being so, and inasmuch as a thief cannot be convicted under ORS 165.045 of receiving property which he has stolen, the juvenile thieves herein were not accomplices of defendant. For this proposition the state cites *State v. Rogers,* 248 Or 354, 434 P2d 338 (1967), in which the court said that a person who steals property cannot be convicted of receiving it. That case also says that he may, however, be convicted of concealing it. The distinction is fully discussed in *State v. Carlton,* 233 Or 296, 378 P2d 557 (1963), which clearly holds that a person who steals property, and is charged under ORS 165.045 with concealing it, may be tried and convicted accordingly. In the case at bar, the juveniles and defendant were accomplices in committing the crime defined in ORS 165.045, and ORS 136.550 was applicable. There was no corroborating evidence.

The judgment is reversed.

SCHWAB, C. J.

I concur in the majority opinion but would add a word to make it clear that I do not believe that the application of ORS 136.550 should be broadened any more than we are clearly required to do by the Supreme Court's opinion in *State v. Nice,* 240 Or 343, 401 P2d 296 (1965) and *State v. Ewing,* 174 Or 487, 149 P2d 765 (1944).

ORS 136.550 invades the province of the jury in so far as it does not allow a jury to consider the testimony of an accomplice in the same manner it considers the testimony of any other witness. In many cases the only witnesses one of the litigants presents are those having an interest or a bias. Yet we permit the jury to decide the case assuming that it will take the evidence

of interest or bias into account in evaluating such witnesses' testimony.

Perhaps this is the reason our Supreme Court has been unwilling to extend to its logical conclusion the apparent rationale which lies behind ORS 136.550— that an accomplice is an unreliable witness because a "confessed criminal might be attempting to gain the conviction of an innocent man through perjured testimony in exchange for his own immunity." *State v. Coffey,* 157 Or 457, 463, 72 P2d 35 (1937). For example: if a woman engages in an act of prostitution she may be subject to various criminal sanctions depending upon the circumstances. In order for a prostitute to testify that a man on trial has been receiving her earnings, she must admit to being a prostitute and thereby subject herself to possible prosecution. Yet *State v. McCowan,* 203 Or 551, 280 P2d 976 (1955) holds that a prostitute is not an accomplice to the crime of the male defendant receiving her earnings. In that case the court said at page 557 (quoting *State v. Coffey,* supra):

> " '* * * we believe that within the contemplation of * * * (ORS 136.550), a person is not an accomplice unless he can be *indicted and punished under the same statute* which is being employed against the defendant.' " (Emphasis supplied.)

And at page 558:

> "It follows, therefore, that defendant [pimp] could be convicted for a violation of this particular statute upon the uncorroborated testimony of the complaining witness [prostitute] * * *."

The fact that the juveniles in the case at hand may be confined against their wills as delinquents because they have committed an act which is a violation of state law does not mean that they can be "indicted and pun-

ished" for concealing stolen property in violation of ORS 165.045.

Hopefully in an appropriate case the Supreme Court will review what I believe is a troublesome question.