Argued June 19, affirmed July 23, 1970

# STATE OF OREGON, *Respondent, v.* JOSEPH CHARLES WINSLOW, III, *Appellant.*

472 P2d 852

*Lawrence B. Rew,* Pendleton, argued the cause for appellant. With him on the brief were Corey, Byler & Rew, Pendleton.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and BRANCHFIELD, Judges.

SCHWAB, C.J.

The defendant was convicted upon trial by jury in Umatilla County of dispensing a narcotic drug by giving a marihuana cigarette to one Keith Moon.[1] He makes five assignments of error on appeal. Three questions are raised by these assignments: (1) was there sufficient evidence of venue in Umatilla County?; (2) was there sufficient identification of the marihuana cigarette which was introduced into evidence?; and (3) was there evidence that Moon was an accomplice whose testimony was therefore subject to corroboration under the provisions of ORS 136.550?.

Moon testified that Winslow gave him what purported to be a marihuana cigarette while both were working as fieldhands in the "Miller" or "Key-Miller" field on June 9, 1969. All of the witnesses, including the defendant, referred to the field as *"the* Miller

---

[1] The interpretation of the word "dispense," as encompassing a pure donor-donee relationship, is not in issue here.

field," not to "*a* Miller field." One witness stated that he saw the defendant and Moon together at "the Miller field" on June 9, and further, that "the Miller field" was located in Umatilla County. There was sufficient evidence of venue to submit to the jury. *State v. Bowling*, 243 Or 344, 347, 413 P2d 421 (1966); *State v. Jones*, 240 Or 129, 133-35, 400 P2d 524 (1965).

Moon testified that after he received the cigarette he took it to his father-in-law's home, put it in a plastic bag, placed the bag on a mantel and called the state police. Three other people besides himself were in the house and could have had access to the bag containing the marihuana cigarette during the approximately three hours it lay there prior to the arrival of a state policeman who took it into his possession. The defendant does not argue that the evidence of the chain of possession was insufficient between the time it got into the hands of the police and the time it was identified as marihuana during the course of trial. He does contend that the opportunity for tampering during the three-hour interval it was in the house of Moon's father-in-law was so great that the trial court should have ruled as a matter of law that the chain of possession had not been established. In *State v. Anderson*, 242 Or 368, 374-75, 409 P2d 681 (1966), the Oregon Supreme Court quoted with approval *Gallego v. United States*, 276 F2d 914 (9th Cir 1960), which said:

> " 'Before a physical object connected with the commission of a crime may properly be admitted in evidence there must be a showing that such object is in substantially the same condition as when the crime was committed. This determination is to be made by the trial judge. Factors to be considered in making this determination include the nature of

the article, the circumstances surrounding the preservation and custody of it, *and the likelihood of intermeddlers tampering with it.* If upon the consideration of such factors the trial judge is satisfied that in reasonable probability the article has not been changed in important respects, he may permit its introduction in evidence. United States v. S. B. Penick & Co., 2 Cir., 136 F.2d 413, 415.

" 'The jury, of course, is free to disregard such evidence upon its finding that the article was not properly identified, or that there has been a change in its nature.

" 'The trial judge's determination that the showing as to identification and nature of contents is sufficient to warrant reception of an article in evidence may not be overturned except for a clear abuse of discretion. No abuse of discretion was shown here.' " (Emphasis supplied.)

██ At the trial Moon testified when asked to identify the marihuana cigarette, "That's it. It looks just like it." Defendant also argues that the three other people besides Moon who had access to the marihuana cigarette while it was in his father-in-law's house should have been called by the state as witnesses. There is no rule requiring the prosecution to produce as witnesses all persons who were in a position to come into contact with the article sought to be introduced in evidence. *Pasadena Research Laboratories v. United States,* 169 F2d 375 (9th Cir), *cert denied* 335 US 853, 69 S Ct 83, 93 L Ed 401 (1948). The defendant was free to argue and the jury was free to infer that someone might have tampered with the marihuana cigarette in question during the three-hour period before it was turned over to the state police. However, the trial court did not abuse its discretion in holding that this possibility was not so great as to vitiate the otherwise unchallenged showing that the exhibit was sub-

stantially in the same condition it was when Moon received it from the defendant. We turn now to the remaining question.

The defendant requested the trial judge to give a group of instructions to the effect that if the jury found that Moon was an accomplice the jury could not find the defendant guilty unless Moon's incriminating testimony was corroborated by other evidence of defendant's guilt. The trial court refused to give these instructions, in effect holding that as a matter of law there was no evidence by which the jury could find Moon to be an accomplice. For the following reasons we hold that the trial judge was correct.

"As used in the criminal law, the term 'accomplice' means a partaker in the commission of a crime. Wharton's definition of 'accomplice,' as given in his work on Criminal Evidence, Section 440, has been adopted by this court in *State v. Roberts*, 15 Or. 187 (13 Pac. 896), and is as follows:

" 'An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of a crime.'

"As a general rule, it may be stated that:

" 'One of the tests of an accomplice is that if the partaker can be indicted and punished for the crime for which the accused is being tried he is an accomplice; otherwise he is not': 1 Ency. L. & P. 550." *State v. Turnbow*, 99 Or 270, 280, 193 P 485, 195 P 569 (1921).

ORS 136.550 provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission

of the crime or the circumstances of the commission."

This statute, which has been in effect in substantially its present form since 1864, is in derogation of the common law rule. As pointed out in *State v. Carr*, 28 Or 389, 42 P 215 (1895), at common law juries might convict upon the testimony of an accomplice alone, subject to a cautionary instruction of the court as to the credibility of such evidence.

In *State v. Jarvis*, 18 Or 360, 364-65, 23 P 251 (1890), the court said:

"* * * [T]he statute has made corroboration of an accomplice necessary, so that the court has no control over the subject except to apply the statute. * * * If we were now engaged in making the law, no doubt we would declare a different rule * * *."

In numerous cases the Oregon Supreme Court and other appellate courts have faced the problem of whether to give a broad or a narrow scope to this statutory restriction of the common law right of the trier of fact to consider relevant evidence. An exhaustive review of the problem and analysis of many Oregon decisions is contained in *State v. Coffey*, 157 Or 457, 72 P2d 35 (1937). At pages 463-64 the court said:

"The word 'accomplice' is variously defined in the decisions of the courts. Sometimes it is held that an accomplice is one who can be indicted and punished under the same statute which has been invoked against the defendant. At other times it is said that an accomplice is one who has participated in the commission of the offense, or who, while not being present, nevertheless, in some manner, aided, advised or encouraged the defendant to commit the crime. Manifestly, the second

definition is more inclusive than the first. The decisions of this court have taken note of the multiple definitions given to this term; for instance, Mr. Justice HARRIS, in *State v. Walters*, 105 Or. 662 (209 P. 349), declared: 'There is no universally accepted definition of the term "accomplice".' In 1 R. C. L., Accomplices, p. 156, § 2, the writer states that the meaning of the word 'accomplice' 'cannot be said to be settled'.

"The courts which hold that the term 'accomplice' includes every person who somehow participated in the commission of the offense, even though he cannot be indicted for the offense charged against the defendant, experience great difficulty with the definition, due to its sweeping character. They are continually compelled to create exceptions in order to prevent the rule from exonerating the guilty * * *."

The court, in *State v. Coffey*, supra, went on to review numerous of its decisions[9] and then held that Oregon followed the narrow rule:

"The above review of our earlier decisions clearly indicates that they have never given effect to the broad definition of the term 'accomplice' for which the defendant contends. It is true that this

---

[9] State v. Stacey, 153 Or 449, 56 P2d 1152 (1936).
State v. Willson, 113 Or 450, 230 P 810, 233 P 259, 39 ALR 84 (1925).
State v. Wakefield, 111 Or 615, 228 P 115 (1924).
State v. Walters, 105 Or 662, 209 P 349 (1922).
State v. Turnbow, 99 Or 270, 193 P 485, 195 P 569 (1920).
State v. Mallory, 92 Or 133, 180 P 99 (1919).
State v. Busick, 90 Or 466, 177 P 64 (1919).
State v. Edlund, 81 Or 614, 160 P 534 (1916).
State v. Case, 61 Or 265, 122 P 304 (1912).
State v. Moxley, 54 Or 409, 103 P 655 (1909).
State v. Scott, 28 Or 331, 42 P 1 (1895).
State v. Carr, 28 Or 389, 42 P 215 (1895).
State v. Jarvis, 18 Or 360, 23 P 251 (1890).
State v. Light, 17 Or 358, 21 P 132 (1889).
State v. Roberts, 15 Or 187, 13 P 896 (1887).
State v. Odell, 8 Or 30 (1879).

court has many times mentioned or quoted that definition, but when it came to the actual application of a test it employed the narrower definition ° ° °." 157 Or at 470.

In the *Coffey* case the court was dealing with a statute which made it a crime for a public officer to take a bribe. Only one act was proscribed by the statute in question, and after stating that it adopted the narrower rule, defined an "accomplice" as a person who:

> "° ° ° [C]an be indicted and punished *under the same statute* which is being employed against the defendant ° ° °." 157 Or at 475. (Emphasis supplied.)

In subsequent cases, for example *State v. McCowan,* 203 Or 551, 280 P2d 976 (1955); *State v. Smith,* 1 Or App 583, 465 P2d 247; and *State v. Folsom,* 1 Or App 404, 407-08, 463 P2d 381 (1970), the Oregon Supreme Court and this court have referred to an accomplice as one who can be indicted and punished "under the same statute." Neither court has squarely considered the question of whether a witness was an "accomplice" when the statute under which the defendant was being tried enumerated more than one crime; the defendant being liable under one portion and the witness under another. In *State v. Nasholm,* 2 Or App 385, 389, 467 P2d 647 Sup Ct *review denied* (1970), we said:

> "° ° ° In the view we take of this case, it is not necessary for us to determine whether, when a defendant is charged under a single statute, as here, which prohibits any one or more of a variety of acts, it is necessary to corroborate the testimony of a witness ° ° ° who is not an accomplice in the commission of the particular act charged, but had the defendant been charged for another act prohibited

by the same statute would have been an accomplice thereunder * * *."

■ It is clear that a single statute may prohibit more than one act. *State v. Carlton*, 233 Or 296, 378 P2d 557 (1963), dealt with ORS 165.045 which makes it a crime to "receive or conceal" stolen property. The court there held that "receiving" and "concealing" were two separate and distinct crimes and that in certain instances a man could be guilty of one and as a matter of law not be guilty of the other.

In *State v. Nodine*, 121 Or 567, 256 P 387 (1927), the court was dealing with the act which made it a crime to possess and a crime to sell liquor. The court held that possession and sale were separate crimes and that the conviction of the crime of possession was not a bar to a subsequent trial for the crime of sale of the same liquor.

In the case at hand the defendant was convicted of dispensing marihuana in violation of ORS 474.020 which reads:

"(1) It shall be unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense or compound any narcotic drug, except as authorized in this chapter.

"(2) It shall be unlawful for any person to conspire to commit, or facilitate the commission of any act prohibited by subsection (1) of this section and such person shall, upon conviction, be punished in the same manner prescribed for a person convicted of committing the prohibited act."

The uncontroverted testimony in the record is that Moon had informed the police that he thought the defendant was going to give him marihuana prior to the time the transaction actually took place and at no time

had an intent to acquire in an unlawful manner possession of marihuana.

■■ The defendant argues, however, that the jury could have disbelieved Moon and found that he took the marihuana cigarette into his possession with an unlawful motive. The defendant further argues that if the jury had so found, Moon could have been prosecuted under ORS 474.020 for possessing or for facilitating the dispensing of the marihuana cigarette. Thus we are faced with this question: Is a person an accomplice if he can be indicted and tried under the same statute as the defendant, or is he an accomplice only if he can be indicted and tried for the same criminal act for which the defendant is being tried? We hold that the latter and more narrow interpretation of who is an accomplice is the correct one. It is the only logical rule. As pointed out above, the legislature has the power to proscribe numerous separate acts in one statute or to do so in separate enactments. It would make no sense to hold that an arbitrary choice of methods of codification of criminal acts is the determining factor in weighing relevant evidence.

This holding appears to us to be in harmony with the decisions of the Oregon Supreme Court. Those decisions which have referred to the "same statute" as being the test dealt with statutes which enumerated only one crime. In most of the many opinions dealing with accomplices the court has referred to an accomplice as a person who could be indicted and punished for the crime for which the accused is being tried. In *State v. Walters*, 105 Or 662, 670, 209 P 349 (1922), the court said:

> "As a general rule the test as to whether a witness is an accomplice is whether he himself could

be indicted and punished for the crime for which the accused is being tried. If he could be so tried and punished, then he is an accomplice; if he could not, then he is not an accomplice: *State v. Turnbow,* 99 Or 270, 280 (193 Pac. 485, 195 Pac. 569); *Stone v. State,* 118 Ga. 705 (45 S. E. 630, 98 Am. St. Rep. 145); 1 R. C. L. 157."

See also *State v. Busick,* 90 Or 466, 471, 177 P 64 (1919), and *State v. Edlund,* 81 Or 614, 617, 160 P 534 (1916).

There is no evidence to indicate that Moon could have been indicted or tried for "dispensing" the marihuana cigarette in question. This is the crime for which the defendant was indicted, tried and found guilty.

Affirmed.