Argued May 17, reversed July 1, 1971

## STATE OF OREGON, *Respondent, v.* WILLIE LEE BANKS, *Appellant.*

486 P2d 584

*H. Clifford Looney,* Vale, argued the cause for appellant. With him on the brief were Swan, Butler & Looney, Vale.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

FOLEY, J.

Defendant, a Negro youth of 16 years, was convicted by jury of entering a motor vehicle with intent to steal and was sentenced to three years' imprisonment. He claims on appeal that the trial court should have allowed his motion for judgment of acquittal. He contends there was a lack of sufficient evidence to corroborate the testimony of two accomplices. He also claims that the court's instruction on corroboration of an accomplice's testimony was erroneous.

Two youths testified that on the night of August 8, 1970, they together with defendant and another "raided" a number of automobiles for the purpose of stealing whatever valuables their misadventure might uncover. Sometime during the night, or early on the morning of the 9th, the fourth person departed the group and the others continued with their work. They broke into the car of one Patrick Kropp and were attempting to remove a stereo tape player when discovered by the owner of the car and some of his friends. All three youths fled on foot but two were caught. The third, allegedly the defendant, escaped. The trial judge found as a matter of law that both boys were accomplices in the crime charged against defendant and he so instructed the jury. Corroboration of their testimony was therefore required in order to

justify submitting the issue of guilt to the jury. ORS 136.550.

The owner of the car, Patrick Kropp, and one of the persons who had apprehended two of the would-be thieves also testified. Both stated that they observed, from the front steps of Kropp's apartment, three people in Kropp's car and that they and others who were in the apartment pursued the three as they fled. On direct examination Kropp testified as follows with regard to the identification of the culprits:

"A One of them was short; kind of light hair. The other one was a little bit taller with dark hair. And the other one was a colored boy with an Afro-American haircut.

"Q Approximately how old would these individuals be? Could you tell?

"A I couldn't tell. They were juveniles. Just—

"Q Okay.

"A —14, 15 years old.

"* * * * *

"Q Okay. Would you be able to positively identify the boy who got away that evening today?

"A No, I wouldn't.

"Q Is there anyone in the Courtroom today who nevertheless resembles that person?

"* * * [Objection. Overruled.]

"THE WITNESS: Not really.

"MR. SMITH: Q. Is there anything—I'd ask you to look at the Defendant at this time. Ask you if there is anything about this young man that would distinguish him from the young man that you saw that night.

"A This individual has a haircut today. The other individual has a—a bushy Afro-American haircut.

"Q Otherwise from—apart from the haircut would this young man resemble that individual?

"* * * [Defendant asked to stand.]

"THE WITNESS: He's about the same build and the same height as the individual that was in the car."

On cross-examination, defense counsel pursued the question of identity further:

"Q So you could not identify that person?

"A No, I couldn't identify him.

"Q Would you look to the rear of the Courtroom on your left, slightly, please? There are 2 negro persons in the rear of the Courtroom, are there not?

"A Yes. I know both of them, and it wasn't either one of those.

"Q Is there anything in physical size or disparity that would keep it from being either one of those, if you had gotten a good look at them?

"A Yeah. There's a difference in size in them.

"Q Then, the—the—your testimony is that this person was a—a person of medium size, medium height. Other than that you don't know what he looked like?

"A Right. And it was a different hair style."

The other witness was also examined about the identity of the three youths:

"Q I want you to describe at this point the individuals that you saw in the car.

"A I'd say they were—let's see. One of them looked like he was about five-six and another one like about five-nine, and another one about the same height, five-nine. And one of them was colored, one of them was dark-complected, and another one was light-complected.

"* * * * *

"Q  Okay. Would you be able to recognize anyone in the Courtroom today as being the one of 3 boys that got away?

"A  Possibly.

"Q  Possibly. Could you not make a positive identification? Do you see someone who looks similar to the boy that you saw that evening?

"A  Yes.

"Q  And who would that be?

"A  Willie Banks.

"*  *  *  *  *

"Q  Had you known this individual before this evening?

"A  Yes. I knew who he was.

"Q  And how had you known who he was?

"A  Well, he lived across the alley from us for 3 or 4 years.

"Q  And you think that this boy here does look similar to the one that you were chasing that evening?

"A  Yes.

"Q  But you are not able to make positive identification?

"A  No."

The foregoing is all of the evidence in the record concerning the identification of the defendant except that of accomplices.

ORS 136.550 provides that:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated *by other evidence that tends to connect the defendant with the commission of the crime.* The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission." (Emphasis supplied.)

Of a multitude of decisions rendered in connection with this statute, the two leading cases are *State v. Reynolds,* 160 Or 445, 86 P2d 413 (1939), and *State v. Brake,* 99 Or 310, 195 P 583 (1921). In *Brake* Mr. Justice HARRIS expounded at some length upon the purpose and requirements of the statute. In part he said:

"* * * The corroborative evidence must of its own force, independently of the accomplice testimony, tend to connect the defendant with the commission of the crime.

"* * * * * *

"The corroboration need not be of itself adequate to support a conviction; but it is sufficient to meet the requirements of the statute if it *fairly and legitimately* tends to connect the defendant with the commission of the crime * * *." (Emphasis supplied.) 99 Or at 314-15.

Subsequently, in *Reynolds,* where our Supreme Court quoted from *Brake* and reviewed some of the other decisions on this subject, the court commented on the sufficiency of corroborative evidence saying in part:

"'* * * On the other hand, evidence which merely raises a suspicion that defendant is the guilty party is not sufficiently corroborative of the testimony of an accomplice to warrant a conviction, nor will uncertain or equivocal corroboration suffice.' * * *" 160 Or at 459.

■ In applying the rule of ORS 136.550 to a given case, the many decisions interpreting it are of little help because each case depends upon its particular set of facts. There is no question here that the crime charged in fact occurred. However, there is no evidence independent of the testimony of the accomplices which connects or tends to connect defendant with its commission. The identification testimony of the state's

two other witnesses applies no more to defendant than it does to any other average-sized Negro youth in his mid-teens. Conspicuous by its absence is any evidence that defendant had on August 8, 1970, or at any other time, a so-called Afro hair style, that he was a frequent companion of either accomplice or that he was seen with them on the day of the crime. Furthermore, the fourth boy allegedly involved in the car raiding spree did not testify. Why none of the above evidence was offered does not appear in the record.

■ The two accomplices testified unequivocally that defendant was with them and involved in the theft charged. If the corroboration statute, ORS 136.550, were disregarded, the evidence of defendant's guilt of participation in the crime charged is strong. By special concurring opinion in *State v. Smith,* 1 Or App 583, 465 P2d 247 (1970), the Chief Judge of this court criticized ORS 136.550, stating:

> "ORS 136.550 invades the province of the jury in so far as it does not allow a jury to consider the testimony of an accomplice in the same manner it considers the testimony of any other witness. In many cases the only witnesses one of the litigants presents are those having an interest or a bias. Yet we permit the jury to decide the case assuming that it will take the evidence of interest or bias into account in evaluating such witnesses' testimony." 1 Or App at 586-87.

It has been urged that the statute, being in derogation of the common law, should be strictly construed and since it uses "accomplice" in the singular, should not apply when two or more accomplices testify, on the theory that the testimony of an accomplice may be corroborated by that of another, or other accomplices. *McGinnis v. State,* 102 Ga App 746, 117 SE2d 894

(1960). The majority of states take the opposite view. 7 Wigmore, Evidence 326, § 2059 (3d ed 1940). The issue is foreclosed to this court, however, for we are bound by *State v. Brown,* 113 Or 149, 231 P 926 (1925), in which our Supreme Court stated specifically that the testimony of two accomplices had to be corroborated by independent evidence in order to sustain a conviction. Though we reluctantly reach this result, the evidence independent of the accomplices' testimony is not such that it "would lead reasonable minds to a belief that the defendant criminally participated in the crime." *State v. Oster,* 232 Or 389, 391, 376 P2d 83 (1962). The trial court should have granted defendant's motion for judgment of acquittal.[1] Defendant's conviction is reversed and it is ordered that he be discharged from custody.

Reversed with instructions.

---

[1] In light of the result reached we need not consider defendant's other assignment of error.