Submitted on the record and briefs July 1,
affirmed July 15, 1971

STATE OF OREGON, *Respondent, v.*
MILDRED WHEELHOUSE, *Appellant.*

486 P2d 1292

Ralph Currin, Pendleton, and Larry Landgraver, Portland, for appellant.

Al J. Laue, Assistant Attorney General, Lee Johnson, Attorney General and Jacob B. Tanzer, Solicitor General, Salem, for respondent.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

SCHWAB, C. J.

The defendant, tried to the court without a jury, was found guilty of possessing, displaying and operating a gambling device in violation of ORS 167.555.[1] She appeals, contending (1) that the only witness who testified against her was an accomplice whose testimony was not corroborated as required by ORS 136.550,[2] and (2) that since the money allegedly

---

[1] ORS 167.555 provides:

"(1) Regardless of whether their operation requires an element of skill on the part of a player, all games of chance such as slot machines, dart games, pin ball games, or similar devices or games, when operated or played for a profit, either in cash, merchandise or other article of value, hereby are declared unlawful, and their licensing is prohibited.

"(2) Any person who possesses, displays, operates or plays any such game or device is punishable upon conviction by a fine of not more than $250 or by imprisonment in the county jail for not more than 90 days.

"(3) All sheriffs, state or municipal police officers, constables and city or town marshals shall confiscate and, without delay, destroy all games possessed, displayed, operated or played in violation of subsection (1) of this section."

[2] ORS 136.550 provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission."

received by the witness as a "payoff" and the gambling device itself were not positively identified and introduced into evidence there was not sufficient evidence to make a fact question of guilt. There is no merit in either contention.

■ ■ The witness who played the machine testified and the trial court determined that he did so as an employe of the district attorney's office engaged in an investigation of gambling. One engaged in gathering evidence for the prosecution of crime, a "feigned accomplice," is not to be considered an accomplice whose testimony must be corroborated. *State v. Busick,* 90 Or 466, 471-75, 177 P 64 (1919). Furthermore, even assuming that the witness was not exempt as an investigator or "feigned accomplice," the standard established in *State v. Winslow,* 3 Or App 140, 472 P2d 852 (1970), exempts the witness-investigator from the status of an accomplice whose testimony requires corroboration, for he could not be indicted and tried for the same criminal act for which defendant was tried. Defendant was not tried for "playing," but rather for "possessing, displaying and operating." The witness could not be indicted for anything except "playing."

■ It was not necessary for a prima facie case that the gambling device and the "payoff" money be admitted into evidence. The testimony of the witness was sufficient to support the defendant's conviction. ORS 41.260 provides:

> "The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact except usage, perjury and treason."

Affirmed.