129 N.J. Super. 315 (1974)
323 A.2d 531
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANTONI ROSZKOWSKI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1974.
Decided July 17, 1974.
*316 Before Judges KOLOVSKY, FRITZ and CRANE.
Mr. Barry D. Goldman argued the cause for appellant.
Mr. Joseph J. Rodgers, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
PER CURIAM.
Defendant was indicted for possession of lysergic acid diethylamide (LSD) with intent to distribute it and for distribution of the same substance on May 27, 1971. The trial court granted an order requiring the State to furnish defendant the identity of the informant who was present at the time of the alleged transaction. This court, on a previous appeal, on the authority of Evid. R. 36, reversed the order of the trial court on the representation of the prosecutor, which was not disputed by defendant, that the informant *317 was not an active participant in the transaction, his participation being limited to introducing defendant to the state trooper who procured the drugs. Defendant nevertheless, by means unknown to us, learned the identity of the informant and subpoenaed him to testify at the trial.
When the informant, one Martin Skulnick, appeared in court at the trial, he was sent at the direction of the prosecutor to the witness waiting room in the prosecutor's office. When he was called as a witness the prosecutor announced to the court, out of the presence of the jury, that Skulnick intended to assert his privilege against incrimination. The trial court held a hearing in camera during which the witness himself asserted the privilege which the court sustained. Skulnick was not permitted to testify. Defendant was found guilty of both counts of the indictment.
On appeal the defendant asserts that the prosecutor violated professional standards of conduct resulting in the denial of a right to a fair trial, that the suppression of the testimony of the informant was error, and that the State failed to establish a satisfactory chain of evidence.
We have no difficulty with the last point. The State introduced testimony to show that Trooper Bunting who procured the drug from defendant delivered it to a state police detective who first locked it in a cabinet in his home and then delivered it to the state police laboratory where it was received and processed in the ordinary course of business. There was no suggestion of irregularity or tampering, thus the State has sustained its burden. State v. Brown, 99 N.J. Super. 22, 27 (App. Div. 1968), certif. den. 51 N.J. 468 (1968).
Nor do we find any professional irregularity in the conduct of the prosecutor with regard to the previous appeal. We do however disapprove of the cavalier manner in which the prosecutor attempted to assert control over the informant witness by ushering him out of the courtroom to a witness waiting room in the prosecutor's office. It is not shown that *318 defense counsel was denied access to him but we point out that witnesses are not the private property of any party to litigation and access to interview them should not be frustrated. Further, we disapprove strongly of the prosecutor's conduct during Skulnick's examination on voir dire in at least implicitly, if not explicity, threatening Skulnick with prosecution.
The substance of the testimony of Skulnick on voir dire, under threat of incarceration by the court, was to the following effect. Skulnick went to high school with the defendant. On May 27, 1971 he was working with the State Police and especially Trooper Bunting. He knew Trooper Bunting by the name of "Bo." He was fairly positive that he was present at a Hess gas station in Lakewood with Bunting when a meeting between them and defendant took place. The conversation between Trooper Bunting, the defendant and him turned to drugs. Defendant passed a substance into the car. He could not remember whether or not he physically received it.
We are of the opinion that the assertion of the privilege of self incrimination should not have been sustained. Skulnick was working with the state police in undercover work as an informant. As such his activities were carried out at the behest of and for the benefit of the State. In such a capacity he was not acting as an accomplice of the defendant. United States v. Becker, 62 F.2d 1007 (2 Cir.1933); Tibbetts v. State, 494 S.W.2d 552, 553 (Tex. App. 1973); Pitts v. State, 291 Ala. 136, 279 So.2d 119, 120 (Sup. Ct. 1973); State v. Ballesteros, 100 Ariz. 262, 413 P.2d 739, 742 (Sup. Ct. 1966); State v. Wheelhouse, 6 Or. App. 151, 486 P.2d 1292-1293 (Ct. App. 1971); State v. Wiese, 182 N.W.2d 918 (Sup. Ct. Iowa 1971), and since his participation in the criminal events was the product of creative activity on the part of law enforcement officials he would be entitled to assert a valid defense of entrapment to any charges which might be brought against him arising out of the transaction. *319 State v. Dolce, 41 N.J. 422 (1964). We hold therefore that under the circumstances here presented, the informant was clothed with a limited immunity from prosecution by virtue of the status of his activity on behalf of the State. Cf. Cashen v. Spann, 125 N.J. Super. 386 (App. Div. 1973).
It follows that the assertion of the privilege against self incrimination was not available to Skulnick and defendant should have been permitted to interrogate him about his participation in the transaction with the defendant. Defendant was thus deprived of the opportunity to present witnesses in his favor as guaranteed by the Sixth Amendment and the New Jersey Constitution, Art. I, ¶ 10.
The judgment of conviction is reversed and the case is remanded for a new trial.