[Crim. No. 2218. In Bank.—February 24, 1919.]

## THE PEOPLE, Respondent, v. CLARENCE ROLLINS, Appellant.

CRIMINAL LAW—MURDER IN FIRST DEGREE—CHALLENGE OF JURORS—IMPLIED BIAS—CONSCIENTIOUS OPINIONS AGAINST CAPITAL PUNISHMENT.—In a prosecution for murder in the first degree, the trial court did not err in allowing challenges interposed by the district attorney to several jurors under subdivision 8 of section 1074 of the Penal Code, which provides that a juror must neither be permitted nor compelled to serve in a case in which the offense is punishable by death if he entertains such conscientious opinions as would preclude his finding the defendant guilty, where it was clear from the examination of such jurors that in no case would they agree to a verdict of guilt carrying the death penalty, but that he or she would concur in a verdict of guilt which assessed the punishment at imprisonment for life.

ID.—MEANING OF CODE PROVISION.—The meaning of subdivision 8 of section 1074 of the Penal Code is that if the offense be punishable by death, as is true of the offense of murder in the first degree, notwithstanding that it is also punishable in the discretion of the jury in the particular case by imprisonment for life, the entertaining by a juror of such conscientious opinions relative to capital

punishment as would preclude his rendering in any case a verdict carrying the death penalty brings him within its scope and requires the allowance of a challenge interposed to his serving.

ID.—CONSTITUTIONALITY OF CODE PROVISION.—Subdivision 8 of section 1074 of the Penal Code, a section prescribing grounds of challenge to jurors for implied bias, is not violative of section 4 of article I of the state constitution, which, after providing that the free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall be forever guaranteed in this state, provides that no person shall be rendered incompetent to be a witness or a juror on account of his opinions on matters of religious belief, since all such constitutional provision means is that a person may not be debarred as a witness or juror because of his religious faith, and that element must be disregarded in determining his "competency."

ID.—COMPETENCY OF JURORS—CODE PROVISIONS.—Section 1074 of the Penal Code has nothing whatever to do with any question of "competency" of jurors, but prescribes grounds of challenge for implied bias, matters going to the ability of the juror, regardless of his competency to act as a juror generally, to fairly and impartially try the particular case in accord with the law applicable thereto, while the question of "competency" of jurors is covered by sections 198 and 199 of the Code of Civil Procedure and section 1046 of the Penal Code.

APPEAL from a judgment of the Superior Court of Tuolumne County, and from an order denying a new trial. G. W. Nicol, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. T. B. Warne and J. B. Zimdars, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

ANGELLOTTI, C. J.—The defendant was convicted of murder in the first degree for the unlawful killing on July 9, 1918, of one Charles G. Allen and sentenced to death. This is an appeal by him from the judgment and from an order denying a new trial.

No question of insufficiency of evidence is presented. Admittedly the evidence conclusively shows that defendant and a companion named Rogers went to the house occupied by deceased, which was some two or three miles from Knight's

Ferry, in pursuance of a plan to there commit the crime of robbery, and that there, in the perpetration of the robbery, they brutally killed the deceased.

The only point made on the appeal is that the trial court erred in allowing challenges interposed by the district attorney to several jurors under subdivision 8 of section 1074 of the Penal Code, which provides as follows: "If the offense charged be punishable with death, the entertaining of such conscientious opinions as would preclude his finding the defendant guilty; in which case he must neither be permitted nor compelled to serve as a juror." There were several jurors excused by the trial court on challenge by the district attorney on this ground. As to all of them it was clear from their answers to questions on their examination that in no case would they agree to a verdict of guilt carrying the death penalty. As to each of them it may be assumed that the examination showed that he or she would concur in a verdict of guilt which assessed the punishment at imprisonment for life. Our law providing that "every person guilty of murder in the first degree shall suffer death, or confinement in the state prison for life, at the discretion of the jury trying the same" (Pen. Code, sec. 190), it is claimed that these jurors were not the subjects of challenge under subdivision 8 of section 1074 of the Penal Code, the theory being that inasmuch as his opinion would not preclude any of them from finding a verdict of guilty, provided the jury would concur in the exercise of the discretionary power to assess the penalty at imprisonment for life, such opinion would not "preclude his finding the defendant guilty." We do not find that this precise point in regard to the construction of subdivision 8 of section 1074 has ever before been expressly made, but certainly it is opposed to the general understanding of the meaning of the provision and the universal practice thereunder. It has heretofore always been thought that the provision means that if the offense "be punishable by death," as is true of the offense of murder in the first degree notwithstanding that it is also punishable in the discretion of the jury in the particular case by imprisonment for life, the entertaining by a juror of such conscientious opinions relative to capital punishment as would preclude his rendering in any case a verdict carrying the death penalty brings him within its scope and requires the allowance of a challenge interposed to his serving. (See par-

ticularly, *People* v. *Ah Chung*, 54 Cal. 398; *People* v. *Amaya*, 134 Cal. 531, 535, [66 Pac. 794]; *People* v. *Cebulla*, 137 Cal. 314, 317, [70 Pac. 181].) We have no doubt that this is the meaning and proper construction of the provision. The clear object of the provision is to accomplish the exclusion from the jury in such a case of anyone whose conscientious opinion as to capital punishment would not permit him to concur in a verdict of guilty which entailed the death penalty—in other words, would not permit him to act as the law contemplates he should act, free to render any verdict that the circumstances of the case call for, regardless of the effect of such verdict. Murder in the first degree is punishable by death unless the jury sees fit to affirmatively assess the penalty at imprisonment for life. A verdict of guilty of murder in the first degree without any express provision as to penalty requires the imposition of the death penalty. It has several times been held that the discretion given to the jury to provide for life imprisonment in such a case is not an arbitrary discretion to be exercised without regard to the circumstances of the particular case, but only where it appears to the jury that there is some circumstance that warrants or justifies the imposition of the lesser punishment. Of course, the conclusion of the jury on such a matter is final, but the provision under discussion contemplates that the state shall have jurors who are not so bound by conscientious opinions as to capital punishment that they will be unable to act as the circumstances of the case demand in view of the law.

It is further claimed that subdivision 8 of section 1074 of the Penal Code, a section prescribing grounds of challenge for implied bias, is violative of section 4 of article I of our state constitution, which, after providing that the free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be guaranteed in this state, provides: "And no person shall be rendered incompetent to be a witness or juror on account of his opinions on matters of religious belief; but the liberty of conscience hereby secured shall not be so construed as to excuse acts of licentiousness, or justify practices inconsistent with the peace or safety of this state." This also appears to be a new contention in this state. No authority is cited in its support, and we see no merit in the claim. All that the provision quoted means is that a person called as witness or juror "is competent without

any respect to his religious sentiments or convictions, the law leaving this matter of *competency* to legal sanctions, or, at least, to considerations independent of religious sentiments or convictions.'' (*Fuller* v. *Fuller*, 17 Cal. 605, 612.) In other words, he may not be debarred as a witness or juror because of his religious faith, and that element must be disregarded in determining his ''competency.'' Section 1074 of the Penal Code has nothing whatever to do with any question of ''competency'' of jurors, a matter covered by sections 198 and 199 of the Code of Civil Procedure, and section 1046 of the Penal Code. That section prescribes grounds of challenge for implied bias, matters going to the ability of the juror, regardless of his competency to act as a juror generally, to fairly and impartially try the particular case in accord with the law applicable thereto. Certainly the constitutional provision cannot be held to preclude legislation reasonably looking to the exclusion by challenge from a jury in any case of any person whose mind is in such condition from any cause whatever that he cannot try and determine the cause in accord with the law applicable thereto.

The judgment and order denying a new trial are affirmed.

Melvin, J., Shaw, J., Sloss, J., Wilbur, J., Lawlor, J., and Lennon, J., concurred.