Argued October 5, 1967, affirmed January 31, petition for
rehearing denied February 27, 1968

## STATE OF OREGON, *Respondent, v.*
## RUTH BARNETT, *Appellant.*

437 P. 2d 821

See also 248 Or 614, 433 P. 2d 1018.

*Leo Levenson,* Portland, argued the cause for appellant. With him on the briefs was Howard R. Lonergan, Portland.

*Jacob Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before PERRY, Chief Justice, and MCALLISTER, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

Defendant appealed from her conviction of manslaughter by abortion. She was charged with destroying a child in the womb of its mother.

Her first assignment of error is the refusal of the court to give instructions to the effect that a female

who solicits and consents that another abort her is an accomplice to the crime and that such other person cannot be convicted on the accomplice's testimony alone. ORS 136.550 states as follows:

> "A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the crime. The corroboration is not sufficient if it merely shows the commission of the crime or the circumstances of the commission."

The state's evidence was to the effect that the mother upon whom the abortion was performed procured the defendant to do it. The question presented is whether under such circumstances the mother was an accomplice.

■■ The reason for the limitation on the effect of an accomplice's testimony is that it is not trustworthy because it is too often obtained by a promise of immunity from prosecution. *State v. Coffey,* 157 Or 457, 462, 72 P2d 35 (1937). The rule in this state, therefore, is that an accomplice is one who is subject to be indicted and punished for the same crime for which the defendant is being tried. *State v. Coffey, supra* at 475; *State v. McCowan,* 203 Or 551, 557, 280 P2d 976 (1955). Could the mother have been tried for manslaughter by abortion?

The statute under which the defendant was tried, ORS 163.060, provides as follows:

> "If any person administers to any woman pregnant with a child any medicine, drug or substance whatever, or uses or employs any instrument or other means, with intent thereby to destroy such child, unless the same is necessary to preserve the life of such mother, such person shall, in case of

death of such child or mother is thereby produced, be deemed guilty of manslaughter."

■ A reading of the statute indicates that the acts prohibited are those which are performed upon the mother rather than any action taken by her. She is the object of the acts prohibited rather than the actor. The class of persons against whom the statute is directed does not include those upon whom abortions are performed. Most similar state statutes are so construed. See 1 Am Jur, Abortion § 11, 194.

Defendant contends, however, that when the abortion statute quoted above is construed together with ORS 161.220, the mother's conduct is made unlawful and subjects her to prosecution and therefore she is an accomplice. ORS 161.220 provides:

"The distinction in felonies between an accessory before the fact and a principal, and between principals in the first and second degree, is abrogated. All persons concerned in the commission of a felony or misdemeanor, whether they directly commit the act constituting the crime or aid and abet in its commission, though not present, are principals and shall be indicted, tried, and punished as principals."

■ It is our opinion that it was not the intention of the legislature by the passage of this statute to make the consent and solicitation of the mother culpable when such actions had not been previously so considered. The statute merely provides that regardless of the degree of culpability all persons should be indicted, tried and punished as principals. See *Thompson v. United States*, 30 App DC 352, 363-364 (1908). We do not believe the legislature intended to change the status of the mother's conduct.

Defendant cites Oregon cases in which ORS 161.220 has been used to subject to prosecution persons who were not within the class against which a statute was directed but who aided and abetted one who was within the class. See *State v. Fraser*, 105 Or 589, 209 P 467 (1922), and *State v. Case*, 61 Or 265, 122 P 304 (1912). The fact that certain actions have been held to constitute the aiding and abetting of crimes other than manslaughter by abortion does not result in the necessary conclusion that historical precedent must be disregarded and that the consent and solicitation of the mother should be treated as sufficiently concerning her with the commission of the crime so that she is an accomplice. We do not believe the legislature intended any such result.

This court has previously recognized but did not directly hold that a woman who consents to an abortion upon herself is not an accomplice, though the court did not discuss the effect of the statute that is now ORS 161.220. In *State v. Willson*, 113 Or 450, 455, 230 P 810, 233 P 259 (1924), this court said: "* * * The weight of authority is to the effect that the female in such instances is not an accomplice * * *."

■ Defendant's second assignment of error contends the court wrongfully prevented the *voire dire* inquiry of a prospective juror concerning her religious affiliations. The question and ruling of the court were as follows:

"Q * * * Because of the nature of this case, Mrs. Mead, do you hold any religious affiliation or beliefs that would prevent you giving the defendant a fair and impartial trial? "* * * (Objection).

"THE COURT: Section VI of our State Con-

stitution provides that no person shall be rendered incompetent as a witness or juror in consequence of his opinion on matters of religion. Therefore, the objection, as to the word 'affiliation', is sustained."

Defendant contends she had a right to know the religious faith of the juror. The question asked and prevented from being answered was whether the juror had any religious affiliation *that would prevent her from giving the defendant a fair trial.* This did not call for an answer that stated the juror's religious faith. The question should have been allowed. However, no reversible error was committed in preventing an answer to the question because the court subsequently allowed inquiry for the purpose of determining whether the juror thought she had any religious bias which would interfere with a fair trial. This was all that defendant's counsel had asked at any time. The matter concerning which the defendant now asserts she was entitled to make inquiry was in fact never in issue. The question concerning the juror's religious faith was never asked.

The judgment of the trial court is affirmed.

SLOAN, J., dissenting.

I think the questions counsel attempted to ask the prospective juror clearly put to the court the question of counsel's right to ask about religious affiliation. The refusal to permit the questions to be asked deprived defendant of information essential to a decision on a peremptory challenge. *Wasy v. State,* 1955, 234 Ind 52, 123 NE2d 462, 46 ALR2d 1389; *People v. Rollins,* 1919, 179 Cal 793, 179 P 209. The case should be reversed.