Argued May 20, affirmed June 17, 1971

# STATE OF OREGON, *Respondent, v.*
# WILBERT POLK, *Appellant.*

485 P2d 1241

*David A. Vinson*, Eugene, argued the cause for appellant. With him on the brief were Sahlstrom, Starr & Vinson, Eugene.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

THORNTON, J.

Defendant was convicted by jury verdict of grand larceny. On appeal he contends that the trial court erred (1) in denying his motion for mistrial which was based upon the grounds that the prosecutor in closing argument had indirectly and directly commented upon defendant's failure to take the witness stand during trial and (2) in instructing the jury that the

testimony of an accomplice should be viewed with distrust, without further instructing that a witness could not be considered an accomplice where he had been acquitted on the same charges as those pending against defendant.

On March 14, 1970, defendant entered the Noti Grocery with three others including Stewart Wilson. Defendant was accused of helping to divert the owner away from the cash register area while two of the others stole a money bag. Wilson was tried and acquitted earlier on the same charges. He testified as a witness for the defense in the present case.

At trial, defendant acted as his own counsel. In making his closing argument he made certain statements of alleged fact which were not supported by evidence introduced at trial. On rebuttal, the prosecutor argued that defendant had made unsupported statements and that the jury should not consider the same to be evidence because defendant in making those statements as his own counsel had not been under oath or subject to cross-examination.

■ As his first assignment of error, defendant claims that the prosecutor's argument amounted to an improper comment on defendant's failure to testify in his own behalf. There is no merit in the contention because the comments were not improper in view of defendant's statements to the jury in closing argument which amounted to offering testimony which had not been presented during trial.

In defendant's second assignment of error he contends that the trial court should have limited its instruction that the testimony of an accomplice ought to be viewed by the jury with distrust, by instructing that defense witness Stewart Wilson could not be considered an accomplice.

■ An accomplice is one who can be indicted and tried for the same criminal act for which the defendant is being tried. *State v. Winslow,* 3 Or App 140, 472 P2d 852 (1970) ; *State v. Coffey,* 157 Or 457, 72 P2d 35 (1937). Defendant argues that having been acquitted, Wilson could not be indicted and tried for the same criminal act for which defendant was being tried and, therefore, the judge should have ruled, as a matter of law, that Wilson was not an accomplice.

■ Where all the facts are settled, whether or not a person is an accomplice is a question of law for the court to determine. But where the facts are in dispute, accomplicity is a question to be submitted to the jury. *State v. Weston,* 109 Or 19, 32-33, 219 P 180 (1923). In the case at bar, there was a factual question for determination with regard to the status of Wilson as an accomplice. The jury was required to use the definition of an accomplice provided by the court in determining whether or not Wilson was an accomplice. In arriving at its determination, the law requires that the jury's determination be made on the evidence at the present trial only. For this reason it could not properly consider the acquittal verdict. That would be irrelevant in deciding whether or not Wilson was in fact an accomplice, because acquittal can be the result of many factors collateral to the question of guilt or innocence. This is the conclusion reached in *People v. Creegan and Becker,* 121 Cal 554, 53 P 1082 (1898).

In that case a conviction for forgery was reversed because the trial court permitted the prosecution to question a witness, whose testimony was necessary to link defendant with the crime, and elicit from him the fact that he had been tried for com-

plicity in the crime and had been acquitted. The appellate court held that it was error to permit this information to be introduced in evidence because one of the main questions to be determined by the jury was whether the witness was an accomplice.

> "* * * The conclusion that another jury had reached in another case, in which these defendants were not parties, was not competent evidence for the determination of this question. The statement of McCosta that he had been acquitted upon that trial had no legal tendency to show that he was not an accomplice in the crime. It was, in effect, merely saying to the jury that upon that occasion he had been told by twelve men, or had heard them say, that he was not guilty. That verdict of acquittal was at most but the declaration of the jury in that case, that upon the evidence presented to them they did not believe him to be guilty. What that evidence was, or what influences may have affected them in reaching that conclusion, was not shown. His acquittal may have resulted from the failure of the prosecution to introduce all the evidence that was introduced at the present trial, or it may have depended upon rulings of the court in regard to the weight to be given to the evidence before them. (See *Burke v. Wells, Fargo & Co.,* 34 Cal. 60; *People v. Mitchell,* 100 Cal. 328, 34 Pac. 698; *Marceau v. Travelers' Ins. Co.,* 101 Cal. 338.) His acquittal in that case freed him from being again placed in jeopardy for the crime, and constituted a perpetual protection against any punishment therefor, but as against these defendants it did not create a legal status for him, or establish the fact that he was not an accomplice." *People v. Creegan and Becker,* 121 Cal at 558-59, 53 P at 1083-84.

In this same vein, we find persuasive the Oregon Supreme Court's statement in *State v. Weston,* supra, where it was said that:

> "The prosecution asserted that Stilwell's case

had been passed upon by the grand jury of Deschutes County, and that he had been exonerated. That fact is not competent evidence of the accomplicity of the witness."① 109 Or at 32.

It was not error for the court to permit the jury to decide whether or not Stewart Wilson was an accomplice.

■ Defendant also complains that the trial court erred in failing to instruct that the mere fact that a person is named in an indictment as an accomplice is not evidence that he is such. No instruction was requested on this point nor did defendant except to the court's instruction in this regard. For these reasons we do not consider the same for the first time on appeal. *State v. Phillips,* 5 Or App 60, 481 P2d 381, Sup Ct *review denied* (1971).

Affirmed.

---

① The witness in *Weston* could, of course, be reindicted. However we read *Weston* to stand for the proposition that the judgment of one judicial body as to the guilt or innocence of an individual is not relevant on the question of that person's accomplicity in a crime.