154

Argued June 19, affirmed July 27, 1972

## STATE OF OREGON, *Respondent, v.* EUGENE LEROY LEWIS (No. 71-4446), *Appellant.*

499 P2d 343

*Ken C. Hadley,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C.J.

Defendant was convicted upon trial by jury of attempted burglary. The state called as a witness one David Jones who had previously been tried for participation in the same attempted burglary and acquitted. Although called as a witness for the state, Jones's testimony was in part favorable to the defendant in that it did not go as far in proving the state's charge as the prosecution apparently had prior reason to believe it would. Jones placed the defendant at the scene of the crime in company with Jones, but did not otherwise directly implicate the defendant. The state later introduced evidence of a prior out-of-court statement by Jones which did directly implicate the defendant. The defendant offered no direct evidence.

The trial judge refused to allow the defendant to show on cross-examination that Jones had been acquitted of the charge, and over defendant's objection instructed the jury concerning the witness Jones and his testimony as follows:

"Now, in this case the State has called as a witness David Andrew Jones, and I instruct you that if you find that David Andrew Jones was an accomplice of the defendant, you are to view his testimony with caution, as I will more completely tell you in a moment. It is for you to determine whether or not he was an accomplice of the defendant.

"An accomplice is one who knowingly, voluntarily and with common intent with the defendant unites in the commission of a crime, and who could be indicted and punished for the same crime for which the defendant is being tried.

"The testimony of an accomplice ought to be viewed with distrust."

██ These actions by the trial court are the basis of defendant's two assignments of error. Under these assignments of error defendant makes three contentions: (1) a person who has been acquitted of participation in a criminal act cannot thereafter be found to be an accomplice of another charged with the same act; (2) even if the question of whether such a person can be found to be an accomplice remains as one of fact, the trier of fact is entitled to know that he was previously acquitted; and (3) the rule that the testimony of an accomplice ought to be viewed with distrust has no application when the accomplice's testimony is favorable[1] to the defendant. The first two contentions have been decided adversely to defendant's position by *State v. Polk,* 5 Or App 605, 485 P2d 1241 (1971).

We have been cited no Oregon authority covering defendant's third contention. The only Oregon case defendant cites to us is *State v. Barnett,* 249 Or 226, 437 P2d 821, 34 ALR3d 852 (1968), in which the court said that the reason for the statutory requirement contained in ORS 136.550 to the effect that a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence is the fact that too often accomplice testimony is obtained by a promise of immunity from prosecution. *Barnett* does not deal with the instruction that the testimony of an accomplice should be viewed with distrust. While there is

---

[1] We note parenthetically that the testimony of the witness in the case at bar was not wholly favorable to defendant. As pointed out above it did among other things place the defendant at the scene of the crime.

authority in other jurisdictions on both sides of this question we are persuaded by the rationale of *Shields v. United States,* 17 F2d 66 (3d Cir), *rev'd on other grounds,* 273 US 583, 47 S Ct 478, 71 L Ed 787 (1927). In *Shields* three accomplices were called. Two testified for the government and one for the defense. The federal court of appeals held that the reason for viewing the testimony of an accomplice with caution arose from the fact that he was a participant in the crime at issue and not from the nature of his testimony concerning that crime.

Affirmed.