Argued and submitted March 25, reversed and remanded for new trial
October 12, 1988, reconsideration denied February 10, petition for review
allowed April 4, 1989 (307 Or 611)
See later issue Oregon Reports

STATE OF OREGON,
*Respondent,*

*v.*

LARRY ALDEN SIMSON,
*Appellant.*

(86-0353; CA A42379)

762 P2d 323

Leland R. Berger, Portland, argued the cause for appellant. With him on the brief was Jon Martz, Certified Law Student, Portland.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Rossman, Judge.

JOSEPH, C. J.

Buttler, P. J., specially concurring.

Rossman, J., dissenting.

## JOSEPH, C. J.

Defendant appeals his convictions for theft in the first degree, ORS 164.055, unauthorized use of a motor vehicle, ORS 164.135, and conspiracy. ORS 161.450. We reverse and remand.

Defendant was employed for 20 years as a truck driver for United Grocers. About 3:30 a.m. on December 18, 1985, he was having breakfast, as he customarily did, at a restaurant in Sherwood. He had parked his truck in the restaurant lot and had left the keys in it. He went into the restaurant and sat at the counter next to Spindler, with whom he talked. Defendant knew Spindler and knew that he had a criminal record.[1] While the two were talking, Bradbrook drove the truck from the lot. Spindler then left. Another truck driver entered the restaurant and told defendant that his truck was no longer parked outside. Defendant finished his coffee, left the restaurant and, about 20 minutes later, returned and reported the theft to a deputy sheriff who had been in the restaurant before defendant had gone outside. Acting on a tip, the police recovered the truck and some of the groceries the following day. The charges against defendant arose out of the incident. For their participation in the heist, Spindler, Bradbrook and Billy Minor were convicted of theft before defendant's trial.

Defendant first assigns error to the trial court's denial of his motion to dismiss for lack of a speedy trial.[2] Defendant was indicted on March 21, 1986, and trial was scheduled for June 17. On the day of trial, the state moved for a continuance because Spindler, whom the state was going to call as a witness, had changed his original story that defendant was involved in the theft. The prosecutor was concerned that he might have to be an impeachment witness and thought that a special prosecutor might have to be appointed. The trial court granted a continuance over defendant's objection, and trial was reset to and held on October 8. Defendant argues that the delay at the state's request was prejudicial because, during the four-month delay, a material witness, Joy Jonas, died.

---

[1] Defendant at first denied to police that he knew Spindler. He later admitted that he did.

[2] Or Const, Art I, § 10; US Const, Amend VI.

■ ■  Under the Oregon Constitution, a court must consider the length of the delay, the reason for the delay and any prejudice to the defendant in determining whether there has been a denial of a speedy trial. *State v. Ivory,* 278 Or 499, 564 P2d 1039 (1977).[3] The four-month delay here is not presumptively prejudicial, and its cause was not within the state's control. *See State v. Taylor,* 57 Or App 553, 645 P2d 547 (1982). Furthermore, the prosecutor stipulated that Jonas, who had been involved in the theft, would have testified that she was not aware that defendant was involved in a conspiracy or the theft. Her testimony was superfluous in the light of the stipulation. *See* n 5, *infra.* Defendant has not shown how the failure to have that testimony prejudiced his defense. The trial court did not abuse its discretion in denying the motion.[4]

At trial, Spindler, Bradbrook and Minor all testified that defendant did *not* participate in the crime.[5] Defendant assigns error to the trial court's giving this instruction:

"You are instructed that as a matter of law Christopher Spindler, William Bradbrook, and Billy Minor are accomplice witnesses in this case in the commission of the crimes of theft in the first degree, unauthorized use of a vehicle and conspiracy.

"The other evidence that is required to corroborate the testimony of a witness may not be supplied by the testimony of another accomplice or accomplices. It must instead come from other evidence apart from the activity of another accomplice or accomplices.

"When you find that a person is an accomplice witness, then you should view that accomplice witness' testimony with distrust."

Accomplice testimony is governed by ORS 136.440:

---

[3] The federal test also encompasses whether the accused asserted the right to a speedy trial. *Barker v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972). There is no question but that defendant asserted his right.

[4] The court also did not err in denying defendant's motion for judgment of acquittal. There was sufficient circumstantial evidence for the jury to consider.

[5] Spindler testified that defendant had no knowledge that the crime was going to happen and was not a participant at all. Bradbrook testified that, when he took the truck away, he did not know defendant's name, did not have any knowledge of defendant's involvement and was concerned that defendant might see him driving off in his truck without his permission. Minor testified that his only involvement was that Bradbrook hired him to unload the truck after it was stolen.

"(1)  A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the *defendant* with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission.

"(2)  As used in this section, an 'accomplice' means a witness in a criminal action who, according to the evidence adduced in the action, is *criminally liable for the conduct of the defendant* under ORS 161.155 and 161.165 * * *." (Emphasis supplied.)

ORS 161.155 provides, in part:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2)  With the intent to promote or facilitate the commission of the crime the person:

"(a)  Solicits or commands such other person to commit the crime; or

"(b)  Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime * * *."

Defendant argues that an accomplice witness instruction should never be given when the accomplice testimony tends to exonerate a defendant, as it did here. We rejected that argument in *State v. Lewis,* 10 Or App 154, 499 P2d 343 (1972), where the accomplice witness' testimony did not implicate the defendant, and we held that the trial court did not err by instructing that the testimony should be viewed with distrust. Defendant argues, however, that *Lewis* was wrongly decided, because it was decided in July, 1972, and the commentary to what is now ORS 136.440[6] was published in November, 1972. Defendant contends that the commentary shows that the purpose of the instruction is to prevent an accomplice from trying to gain the conviction of an innocent person through perjured testimony in exchange for immunity. Commentary, *Proposed Oregon Criminal Procedure Code* 204 (1972).

A statutory provision for corroboration of accomplice

---

[6] ORS 136.440 is *former* ORS 136.550.

testimony has existed in substantially the same form since 1864. *See State v. Winslow,* 3 Or App 140, 145, 472 P2d 852 (1970). Before *Lewis,* both the Supreme Court and we had noted the rationale for the rule on which defendant relies. *See State v. Nice,* 240 Or 343, 401 P2d 296 (1965); *State v. Smith,* 1 Or App 583, 465 P2d 247 (1970). In *Lewis,* we rejected the proposition that the only rationale for viewing the testimony of an accomplice with caution arises from the possible motivation for the testimony. We found, rather, that another basis for mistrusting the testimony is that the witness was a participant in the crime at issue.

■     Although an accomplice witness instruction is usually given when the witness's testimony is to the effect that the defendant committed the crime charged, there is no generalized reason why the instruction should *never* be given *if* there is evidence from which a jury could infer that a witness is tied to a defendant in the commission of a crime in the manner defined by ORS 161.155. Still, we agree with defendant that, in the circumstances of this case, the instruction was wrong in that it instructed that the witnesses were accomplices as a matter of law.

■     The test for determining if a witness is an accomplice is whether the witness could be indicted as an accomplice to the offense charged against the defendant. *State v. Hull,* 286 Or 511, 516, 595 P2d 1240 (1979). The state contends that, given that the witnesses had not only been indicted but convicted for theft of the truck, they were accomplices as a matter of law. That argument erroneously makes the issue the crimes committed by the witnesses, not, as required by the express words of the statute, whether the witnesses were criminally liable for a crime committed by *defendant.* Proof of the witnesses' convictions for their own acts does not, by itself, show that they were accomplices of defendant in his alleged crimes.

That the witnesses could be—and in fact were—charged with a crime in which defendant is alleged to have participated is not in dispute. What is in dispute is the link to defendant. The witnesses denied that they were involved with him, and he also denied it. Thus, there was a factual issue for the jury's determination as to whether the other evidence showed that, despite their denial, the witnesses were in fact involved with defendant in a crime. If the jury

were so to find, the testimony of the witnesses could be viewed with distrust.

To instruct that the witnesses were accomplices as a matter of law was not harmless error. The instruction said, in effect, that they had in fact participated in criminal acts with defendant. There was no undisputed evidence that they had participated with defendant in anything. That was a determination for the jury to make.[7]

Reversed and remanded for a new trial.

**BUTTLER, P. J.,** specially concurring.

I agree with Joseph, C. J., that the accomplice instruction given requires reversal. However, because the case will be retried, I would go further and hold that, under the circumstances of this case, no accomplice instruction should be given on retrial.

As I understand the law, the need for an accomplice instruction arises when a witness testifies that he or she committed the crime with the aid of the defendant. ORS 136.440 provides that a conviction cannot be had solely on that testimony; it must be corroborated by other evidence that tends to connect the defendant with the commission of the crime. It is apparent that the legislature has decided that one who *is* an accomplice with the defendant is not very trustworthy and that the jury, "on all proper occasions," is to be instructed that "the testimony of an accomplice ought to be viewed with distrust." ORS 10.095(4). So far, that makes sense.

However, when the alleged accomplice denies that the defendant had anything to do with the crime, obviously his testimony is not going to convict the defendant. It would appear, therefore, that ORS 136.440 is not implicated and that there is not only no justification for giving the ORS 10.095(4) instruction, but it makes no sense to give it. If it is given, the process is turned on its head, because, in order for the jury to decide whether the witness is an accomplice of the defendant, ORS 136.440, it would first have to decide that the defendant

---

[7] Because of the reasons for our disposition of the appeal, we do not reach defendant's assignment of error that the court erred in failing to merge the convictions for theft and conspiracy, which the state concedes.

is guilty; therefore, the witness is an accomplice whose testimony should be viewed with caution. Obviously, by the time the jury gets that far, it matters not that the accomplice's testimony should be so viewed.

That is the situation here. The three "accomplice witnesses" were, it is true, accomplices among themselves as a matter of law, because they had been convicted of the crime with which defendant is charged. So what? They did not implicate defendant in the crime; therefore, their testimony need not be corroborated to convict defendant, because it cannot convict him by itself. Because ORS 136.440 is not implicated, there is no occasion to give the ORS 10.095(4) instruction, which, by the terms of the statute, is to be given only "on proper occasions," of which this is not one. That is not to say that those witnesses may not be impeached by showing their convictions for felonies. OEC 609.

I do not view *State v. Lewis,* 10 Or App 154, 499 P2d 343 (1972), as approving an accomplice instruction in this case. There, the alleged accomplice's testimony *did* implicate the defendant to some extent, and that witness' out-of-court statement directly implicated the defendant in the burglary with which he was charged. That is not this case.

In my opinion, there is no basis for any accomplice instruction in this case, and it would be error to give one on remand.

**ROSSMAN, J.,** dissenting.

The majority is dead wrong. Because its analysis is neither logical nor consistent, and because its opinion effectively signals the demise of the established concept of an accomplice as a matter of law, I respectfully dissent.

The majority correctly observes that the test for determining when a witness should be viewed as an accomplice is whether the witness could be indicted as an accomplice to the offense charged against the defendant. *State v. Hull,* 286 Or 511, 515, 595 P2d 1240 (1979). Here, the undisputed evidence is that Spindler, Bradbrook and Minor not only had been indicted but had been convicted for the crimes with which defendant was charged. It is inescapable that they were

accomplices as a matter of law regarding the commission of that crime.

After correctly stating the rule, however, the majority proceeds to create a new test that makes it impossible to give jury instructions regarding the testimony of accomplice witnesses. It reasons that the testimony of Spindler, Bradbrook and Minor could be viewed with distrust only if the "evidence showed that * * * the witnesses were in fact involved with defendant in a crime." 93 Or App at 335. That would mean that the three witnesses could be viewed as accomplices only if defendant were proved guilty first. Obviously, that assumption cannot be made in defendant's own trial.

Apparently, the majority has confused the separate concepts of "accomplice to the defendant" and "accomplice witness to a crime." The Supreme Court has made it clear that, if the jury believes that there is *probable cause* to charge the witness with the offense for which the defendant is on trial, it should view that witness as an accomplice for purposes of the defendant's trial, whether or not the evidence convinces them that the witness is guilty. *State v. Hull, supra,* 286 Or at 516-17. Logic dictates that, when the witnesses actually have been convicted of the identical crime with which the defendant is charged, they are accomplices as a matter of law.

The majority seems to be suggesting that, merely by giving the jury accomplice witness instructions, the court impermissibly encouraged it to find defendant guilty by creating a link between him and the three convicted witnesses. The jury, however, was already well aware that the primary issue in the case was whether such a link existed. The state's entire theory of the case was that defendant had acted jointly and in concert with Spindler, Bradbrook and Minor to commit a theft. Taken to its logical extreme, the majority's argument would prevent the court ever from giving those instructions necessary to a jury's deliberation. A jury cannot be expected to try a case in a vacuum.

Common sense tells us that this is exactly the type of case in which the jury should be given the instructions in question. As the majority notes, one basis for mistrusting the testimony of an accomplice witness is that "the witness was a participant in the crime at issue." 93 Or App at 335. Because Spindler, Bradbrook and Minor already had been convicted of

the very crime with which defendant was being charged, there was no need for the jury to decide whether or not to view their testimony with distrust. The trial court correctly instructed them to do so as a matter of law.

Finally, the majority misconstrues the trial court's instruction as tantamount to a directed verdict of guilty. Such a conclusion is difficult to reconcile with a reading of the instructions as a whole, which is the way they are supposed to be examined and evaluated. The instructions state:

"The testimony of an accomplice witness in and of itself is not sufficient to support a conviction. There must be, in addition, some evidence other than testimony of an accomplice witness that tends to connect the Defendant with the commission of the crime. This other evidence or corroboration need not be sufficient by itself to support a conviction, but it must tend to show something more than just a crime was committed. It must also connect or tend to connect the Defendant with the commission of the crime. * * *

"You are instructed that as a matter of law Christopher Spindler, William Bradbrook, and Billy Minor are *accomplice witnesses* in this case in the commission of the crimes of theft in the first degree, unauthorized use of a vehicle and conspiracy.

"The other evidence that is required to corroborate the testimony of a witness may not be supplied by the testimony of another accomplice or accomplices. It must instead come from other evidence apart from the activity of another accomplice or accomplices.

"When you find that a person is an accomplice witness, then you should view that accomplice witness' testimony with distrust.

"The law presumes that the Defendant is innocent of all of these charges, and this presumption follows the Defendant until guilt is proved beyond a reasonable doubt.

"The burden is upon the State to prove the guilt of the Defendant beyond a reasonable doubt. * * *

"Proof beyond a reasonable doubt is such as you would be willing to act upon in the most important of your own affairs — and I am going to reread the first paragraph of that again because I left out one phrase, and it was the phrase 'unless and' — the law presumes that the Defendant is innocent, and this presumption follows the Defendant unless and until guilt is proven beyond a reasonable doubt." (Emphasis supplied.)

There is nothing in the instructions that compels—or even suggests—to the jury that defendant has been determined by the court to be linked to the witnesses. It remains for the jury to decide whether defendant was involved with the witnesses in the commission of the crime. The jury was appropriately and thoroughly admonished that defendant is presumed innocent and that the burden is on the state to establish his guilt beyond a reasonable doubt. There was no error in the instructions and, even if there had been, there was no prejudice to defendant. The trial court should be affirmed.