Argued and submitted January 30, convictions to conspiracy and theft vacated; otherwise affirmed August 30, reconsideration denied November 9, petition for review denied December 28, 1989 (308 Or 660)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAY R. McDONNELL,
*Appellant.*

### (87-CR-0110-TM; CA A45878)
778 P2d 978

Peter Gartlan, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Frank Gruber, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals his convictions for burglary II, theft I and conspiracy to commit burglary II. ORS 164.215; ORS 164.055; ORS 161.450. The court merged the conspiracy and theft convictions with the burglary conviction for purposes of sentencing only. Defendant assigns as errors that the court failed to grant his motion for judgment of acquittal and failed to merge the conspiracy and theft convictions into the burglary conviction and vacate the first two. We vacate the conspiracy and theft convictions and otherwise affirm.

■ On his first assignment, defendant asserts that the state's evidence was insufficient. He argues that the only evidence against him was the testimony of Steven D'elia, who was an "accomplice," and that the state failed to produce evidence to corroborate his testimony. He relies on ORS 136.440(1):

> "A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission."

D'elia testified that he was living with his sister and Vivian Bertucci[1] on June 5, 1986. At 10:00 p.m., while at home, D'elia saw defendant and Bertucci, an employe of T. M. Pete Enterprises (Enterprises), meet together for 10 or 15 minutes. Subsequently, D'elia fell asleep watching television. He woke up some time after midnight and went to his bedroom. There, he found defendant and Bertucci counting cash on his bed. Bertucci told D'elia, "You can't say anything about this." He said that he would not, and she gave him $100 to make sure that he kept silent. She told him that she and defendant had stolen the cash from Enterprises. In D'elia's presence, defendant and Bertucci counted the cash and divided it between themselves.

Defendant and Bertucci discussed defendant's actions at Enterprises, including that he had entered the premises through a window that Bertucci had deliberately left

---

[1] Bertucci was jointly indicted with defendant.

open when she left work that afternoon. She asked defendant if he had remembered to break a window so that it would not look like an "inside" job. He said that he had not. Defendant and Bertucci offered D'elia $100 to go to the premises and break the window. He refused. Defendant decided to return to the premises to break a window and offered D'elia $50 if he would ride with him "in case something happened." D'elia agreed. When they arrived at the premises, D'elia waited for defendant at the car. Defendant returned in 15 or 20 minutes, and they returned home to join Bertucci. She asked if everything "went ok," and defendant said that it did. D'elia did not participate in the burglary and did not receive more than $150 of the stolen money.

The court did not err when it denied defendant's motion for judgment of acquittal. D'elia was not an "accomplice" to the crimes with which the state charged defendant.[2] Corroboration of D'elia's testimony, therefore, was not necessary.

ORS 136.440(2) states:

"As used in this section, an 'accomplice' means a witness in a criminal action who, according to the evidence adduced in the action, is *criminally liable for the conduct of the defendant* under ORS 161.155 and 161.165 * * *."[3] (Emphasis supplied.)

ORS 161.155 states:

"A person is criminally liable for the conduct of another person constituting a crime if:

"* * * * *

"(2) With the intent to promote or facilitate the commission of the crime the person:

"* * * * *

"(b) Aids or abets or agrees or attempts to aid or abet such other person in planning or committing the crime."

The trial court stated:

---

[2] In *State v. Hull,* 286 Or 511, 516, 595 P2d 1240 (1979), the court concluded that "the defendant's burden in demanding corroboration for the testimony of a prosecution witness is that the evidence is legally sufficient to justify an indictment of or information against the witness as an accomplice *to the offense charged against the defendant,* not necessarily to convict the witness of it." (Emphasis supplied.)

[3] ORS 161.165 lists exceptions that are not applicable here.

"In determining whether * * * D'elia was an accomplice, factually what appears to have gone on here, is after the burglary was completed the defendant and [Bertucci] * * * were dividing up the fruits of the burglary. [D'elia] was paid $100 to not inform on them to the police. He then was paid $50 to go with the defendant back to the scene of the completed crime to break a window to make it appear it was a forced entry through that window, and his job apparently was as the State argues to drive the car away in the event something went wrong and the defendant couldn't get back to the car. I think it is an inescapable conclusion as to that act the defendant was being aided by [D'elia]. The issue is whether that makes him an accomplice under any of the statutory criteria with regard to the conspiracy and the burglary and the theft. * * * The fact is the charged crimes here were completed before [D'elia] ever got involved in this in any way. He could not be charged with the commission of those same offenses on the theory of an accomplice. * * * [H]e is not made criminally liable under the statute defining the crime. He is not liable as an aider and abettor for those crimes which were completed crimes before he ever became involved in the situation at all. * * * I don't think because [D'elia] had received some fruits of the crime after the crimes were committed necessarily makes him an accomplice unless that were payment for something to facilitate or promote the commission of the crimes initially. That is not the case here."

The court, therefore, found that D'elia aided defendant in the cover-up but concluded that that did not make him an accomplice to any crime with which defendant was charged, because the crimes were completed before D'elia became involved.

Defendant does not challenge the court's findings. He argues, however, that its conclusion is erroneous. He contends that D'elia is an accomplice, because he aided defendant in the conspiracy that continued "beyond the commission of the principal crime to include concomitant and closely connected disposition of its fruits or concealment of its traces * * *." *State v. Davis,* 19 Or App 446, 450, 528 P2d 117 (1974), *quoting* McCormick, *Evidence* (2d ed) 646. Even if D'elia assisted in the cover-up, that would not make him an accomplice who is liable for defendant's criminal conduct in a conspiracy to commit burglary. Defendant committed that crime when he agreed with Bertucci to commit the burglary. *See State v. Roper,* 286 Or 621, 625, 595 P2d 1247 (1979). D'elia was not

then involved. He is not criminally liable for *defendant's* conduct in conspiring with Bertucci to commit the burglary. *See State v. Simson,* 93 Or App 330, 335, 762 P2d 323 (1988), *affirmed on other grounds,* 308 Or 102, 775 P2d 837 (1989).

Furthermore, D'elia was not an accomplice to the burglary or theft. Even if he entered into the conspiracy, that, without more, is not a ground for accomplice liability. *State v. Garcia,* 74 Or App 649, 652, 704 P2d 544, *rev den* 300 Or 180 (1985). D'elia could not be held criminally liable for defendant's acts in committing the burglary and theft, unless he aided or abetted or agreed to aid or abet defendant to commit those crimes. There is no evidence that he did. Indeed, defendant does not argue that D'elia planned or participated in the burglary and theft. Those crimes were completed when he assisted defendant to cover them up.[4]

■ As to defendant's second assignment of error, the state concedes that the court erred when it failed to merge the convictions for conspiracy and theft with the conviction for burglary. ORS 161.485(3); ORS 161.062(1).[5]

Convictions for conspiracy and theft vacated; otherwise affirmed.

---

[4] Defendant also argues that D'elia aided and abetted him under the theory of "theft by receiving." ORS 164.095. We need not decide that question, because defendant was not charged with that crime.

[5] Defendant committed the offenses before the adoption of ORS 161.067. *See State v. Cheney,* 92 Or App 633, 637, 759 P2d 1119 (1988).